An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY G. MASI,
Appellant,
vs.
MERL K. JESSOP, II; AND ADVANCED
POWDER COATING AND
SANDBLASTING, LLC,
Respondents.

No. 58086

FILED

FEB 0 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court judgment entered on a jury verdict in a tort action. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant Gregory Masi filed a lawsuit against respondents Merl K. Jessop, II and Advanced Powder Coating and Sandblasting, LLC (collectively Advanced Powder Coating) seeking damages for injuries he received after Jessop rear-ended his vehicle while operating a truck owned by Advanced Powder Coating. After trial, the jury returned a verdict in favor of Masi and awarded him damages in the amount of $50,000.

On appeal, Masi argues that the district court: (1) erred by denying Masi's motion for summary judgment, (2) abused its discretion by imposing sanctions against Masi and his counsel, (3) abused its discretion by reducing Masi's total judgment by the amount of the sanctions related to his late expert disclosure, (4) abused its discretion by denying Masi's motion for attorney fees, and (5) erred by sua sponte amending the trial record.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-03847

The parties are familiar with the facts, so we do not recount them further except as pertinent to our disposition.

<u>The district court properly denied Masi's motion for summary judgment</u>

Masi argues that the district court erred by denying his motion for summary judgment because Advanced Power Coating served untimely responses to his request for admissions, thereby admitting liability and accepting his damages claim.

"This court reviews a district court's grant of summary judgment de novo." <u>Wood v. Safeway, Inc.</u>, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when, after examining the record in a light most favorable to the nonmoving party, no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. <u>Id.</u>

Here, both parties agree that Masi hand-delivered his discovery requests to Advanced Power Coating on October 29, 2010, and that Advanced Power Coating's responses to those discovery requests were due on November 29, 2010.[1] Both parties also agree that Advanced Power Coating served its responses by mail on November 29, 2010. NRCP 36(a) deems a matter stated in a request for admission admitted if a response is not <u>served</u> within 30 days after service of the request. However, Advanced Power Coating met its obligations by serving Masi with said responses on the date due. Per NRCP 5(b)(2)(B), "[s]ervice under this rule is made by . . . [m]ailing a copy to the attorney or the party at his or her last known address. Service by mail is complete on mailing . . . ." Accordingly,

---

[1]Though 30 days actually expired on Sunday, November 28, 2010, NRCP 6(a) permitted Advanced Powder Coating to file their responses on the next judicial day following the Sunday they were technically due.

 

we conclude that Advanced Power Coating timely served its responses and, thus, raised genuine issues of material fact. As such, the district court properly denied Masi's motion for summary judgment.[2]

## The sanctions against Masi

Masi argues that the district court abused its discretion by imposing the following sanctions against him: (1) $400 for filing his motion for summary judgment; (2) $500 for his late expert disclosure; and (3) $2,000 for filing his offer of proof.[3] We address each sanction in turn.

### The motion for summary judgment sanction was not an abuse of discretion

Masi argues that the district court improperly sanctioned his counsel $400 to recompensate Advanced Power Coating for fees incurred in opposing his motion for summary judgment. Masi claims his summary

---

[2]Masi argues that even if Advanced Power Coating's responses are considered timely under the three-day mailing rule set forth in NRCP 6(e), the rule is inapplicable because he hand-delivered his request for admissions. The applicability of NRCP 6(e) is irrelevant because both parties agreed that Advanced Power Coating served its responses by mail on November 29, 2010, and, pursuant to NRCP 5(b)(2)(B), such service satisfied the time requirement of NRCP 36(a). Furthermore, the district court did not rely on NRCP 6(e) to support its ruling.

[3]Masi also challenges a $250 sanction for the untimely filing of his pretrial conference report. However, Masi's challenge does not warrant consideration because he raises it for the first time in his reply brief. Francis v. Wynn Las Vegas, 127 Nev. ___, ___ n.7, 262 P.3d 705, 715 n.7 (2011) ("[A]rguments raised for the first time in an appellant's reply brief need not be considered."). Thus, this $250 sanction stands and may be deducted from his overall award.

judgment motion was supported by Nevada rules and caselaw and was made on articulable grounds.

"This court reviews a district court's award of attorney fees and costs, as a sanction, for an abuse of discretion." Emerson v. Dist. Ct., 127 Nev. ___, ___, 263 P.3d 224, 229 (2011) (citation and internal quotation marks omitted). "[A] district court may only impose sanctions that are reasonably proportionate to the litigant's misconduct." Id. at ___, 263 P.3d at 230 (citation omitted and internal quotation marks omitted). An attorney who submits a written motion to the district court certifies that the motion "is not being presented for any improper purpose," that existing law supports any claims contained in the motion, and that there is evidence to support the motion's allegations. NRCP 11(b)(1)-(3). "If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys . . . or parties that have violated subdivision (b)." NRCP 11(c). "A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct . . . . [It] may consist of . . . an order directing payment to the movant of some or all of the reasonable attorney's fees . . . incurred as a direct result of the violation." NRCP 11(c)(2).

Based on the plain language of NRCP 5(b)(2)(B) and NRCP 6(a), Masi's motion was not warranted by existing law. Furthermore, the record indicates that prior to filing an opposition on December 20, 2010, defense counsel attempted to communicate with Masi's counsel to explain that he would seek sanctions if the frivolous motion was not withdrawn. We further conclude that the district court's imposed sanction of $400 was reasonably proportionate to counsel's misconduct, but still sufficient to

 

deter future similar conduct. Thus, the district court's imposition of sanctions in this instance was not an abuse of discretion.

### The late expert disclosure and offer of proof sanctions were an abuse of discretion

Masi argues that the district court improperly awarded Advanced Power Coating $500 as a sanction for his late disclosure of expert witnesses and $2,000 as an attorney fees sanction incurred for time spent by Advanced Power Coating opposing his offer of proof. Masi contends that he was simply disclosing the identity and proposed testimony of these witnesses.[4] Because the district court's decision arose from a complex procedural history, a brief account of that history is necessary.

On January 6, 2011, the district court found that Masi could not use James N. Pappas, M.D. and Neil J. Crowley, D.C. as expert witnesses at trial because his expert disclosure was eight weeks late and he failed to provide a reason for the late disclosure. Masi failed to seek any relief from the district court's order until after the case was transferred on January 13, to district court Judge David Hardy to conduct the trial.

On January 18, Masi filed a motion for clarification to determine whether Dr. Pappas and Dr. Crowley could testify as lay witnesses at trial. Initially, the district court denied the motion based on the January 6 order. On January 22, three days before trial, Masi filed his

---

[4]Masi also argues that these sanctions were improper because the district court failed to make a finding of bad faith with regard to his offer of proof. However, we decline consideration of this argument because Masi raises it for the first time in his reply brief. Francis, 127 Nev. at ___ n.7, 262 P.3d at 715 n.7.

offer of proof, arguing for the first time that, pursuant to Piper v. Harnischfeger Corp., 170 F.R.D. 173 (D. Nev. 1997), his physicians could testify without being designated as expert witnesses. In Piper, the federal district court held:

> It is common place for a treating physician during, and as part of, the course of treatment of a patient to consider things such as the cause of the medical condition, the diagnosis, the prognosis and the extent of disability caused by the condition, if any. Opinions such as these are a part of the ordinary care of the patient and do not subject the treating physician to the extensive reporting requirements of Fed.R.Civ.P. 26(a)(2)(B).

Id. at 175.

On January 26, during the second day of trial, the district court reversed the January 6 order based upon Piper, but it only allowed the physicians to testify as lay witnesses. The court reasoned that a trial without Masi's treating physicians would be unfair because the factual evidence before the jury would be incomplete. Further, it considered that Masi would lose important rebuttal evidence because, the physicians had already been disclosed and were already deposed by Advanced Power Coating.

However, the district court acknowledged that Advanced Power Coating was severely prejudiced by its decision because the treating physicians were not included in its trial preparation based on the court's January 6 order, and the court's new decision would require Advanced Power Coating to incur additional expenditures to re-configure its defense. The district court determined that Masi should bear the burden of that prejudice due to his late expert disclosure, failure to initially seek relief from the January 6 order, and failure to cite Piper until the eve of trial.

SUPREME COURT
OF
NEVADA

(O) 1947A

6

Accordingly, pursuant to NRCP 37(b)(2)(D), the district court imposed a $500 sanction for the late expert disclosure, plus $2,000 as an attorney fees sanction.[5]

"[I]f a party fails to obey an order entered under Rule[ ] . . . 16.1 . . . [,] the court in which the action is pending may make . . . an order treating as a contempt of court the failure to obey [the] order[ ] . . . ." NRCP 37(b)(2)(D); see NRCP 16.1(e)(3) ("[I]f . . . a party fails to comply with an order entered pursuant to subsection (d) of this rule, the court, upon motion or upon its own initiative, shall impose . . . appropriate sanctions . . . .").

Our review of the record, including Masi's NRCP 16.1 disclosures and his offer of proof, demonstrates that Dr. Pappas and Dr. Crowley were timely disclosed as lay witnesses and Masi was never required to disclose them as expert witnesses. See Piper, 170 F.R.D. at 175. Thus, there was never a late disclosure of experts by Masi. Accordingly, we conclude that the district court abused its discretion imposing a $500 sanction against Masi for his late disclosure of expert witnesses. Further, pursuant to NRCP 37(b)(2)(D), the district court could only sanction Masi if it found that Masi failed to obey an order entered pursuant to NRCP 16.1. The record is devoid of any such order, and the district court did not specify what discovery order Masi disobeyed. Thus,

---

[5]Even if the $2,000 was not considered a sanction and a direct award of attorney fees, such an award is prohibited by NRS 117.115(4)(a) since Masi received an award greater than that requested in the offer of judgment.

we conclude that the $2,000 attorney fees sanction was likewise an abuse of discretion.

<u>The district court abused its discretion by reducing Masi's total judgment by the amount of the sanctions related to his late expert disclosure and offer of proof</u>

Masi argues that the district court abused its discretion in reducing the total judgment by the amount of the sanctions imposed against his counsel because that decision was not supported by legal authority. Advanced Power Coating contends that the sanctions imposed were all against Masi and not his counsel, and therefore, the district court's reduction of the judgment was appropriate.

Given our reversal of the district court's order sanctioning Masi $500 for his late expert disclosure and awarding $2,000 for attorney fees incurred in opposing Masi's offer of proof, it follows that the judgment should not have been reduced by $2,500. As such, we reverse that portion of the district court's order and remand this matter to the district court with instructions to amend its final judgment accordingly.

<u>The district court did not abuse its discretion by denying Masi's motion for attorney fees</u>

Masi argues that the district court abused its discretion by denying his motion for attorney fees because the award of the jury exceeded the amount he requested in his offer of judgment. See NRS 17.115(4) and NRCP 68(f)(2). Masi argues that in denying his motion, the district court erroneously found that his offer of judgment was untimely and that Advanced Power Coating rejected his offer in good faith. Masi further argues that he was entitled to attorney fees pursuant to NRS 18.010(2)(b) based on Advanced Power Coating's alleged bad faith defense. "We generally review the district court's decision regarding attorney fees for an abuse of discretion. . . . [T]he district court may not award attorney

fees absent authority under a statute, rule, or contract." Albios v. Horizon Communities, Inc., 122 Nev. 409, 417, 132 P.3d 1022, 1027-28 (2006) (citations omitted). "Questions of law are subject to de novo review." Argentena Consol. Mining Co. v. Jolley Urga, 125 Nev. 527, 531, 216 P.3d 779, 782 (2009).

Timeliness of the offer of judgment

"At any time more than 10 days before trial, any party may serve an offer in writing to allow judgment to be taken in accordance with its terms and conditions." NRCP 68(a) (emphasis added). "[T]he trial date itself . . . is excluded from the computation and the day the offer is served is included." Palace Station Hotel & Casino v. Jones, 115 Nev. 162, 165, 978 P.2d 323, 325 (1999).

Here, Masi hand-delivered his offer of judgment to Advanced Power Coating on January 13, 2011. At the time of Masi's delivery, the trial was set to begin on January 24, 2011. The trial date was later rescheduled to begin on January 25, 2011. However, even using the trial date of January 24, Masi timely delivered his offer of judgment 11 days before trial. Thus, the district court erroneously concluded that Masi's offer was untimely.

Despite the district court's erroneous ruling, we conclude that the error is harmless because the district court's denial did not substantially affect Masi's rights as the court properly determined that Advanced Power Coating's rejection of Masi's offer was in good faith. Wyeth v. Rowatt, 126 Nev. ___, ___, 244 P.3d 765, 769 (2010) (stating that an error is harmless if the party cannot "demonstrate that [her] substantial rights were affected so that, but for the error, a different result may have been reached").

Good faith rejection

NRCP 68(f)(2) states that "[i]f the offeree rejects an offer [of judgment] and fails to obtain a more favorable judgment, . . . the offeree shall pay the offeror's . . . reasonable attorney[] fees, if any be allowed, actually incurred by the offeror from the time of the offer."[6] In <u>Wynn v. Smith</u>, this court held:

> Claims for attorney fees under NRS 17.115 and NRCP 68 are fact intensive. Thus, we will not disturb such awards in the absence of an abuse of discretion. In exercising its discretion under NRCP 68, the district court must carefully evaluate the following factors: (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendant's offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the [offeree's] decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

117 Nev. 6, 13, 16 P.3d 424, 428 (2001) (citations omitted).

Here, although the amount of the total judgment awarded to Masi was more than the amount he requested in his rejected offer of judgment, the district court denied his motion for attorney fees in the amount of $77,287.50. The district court reasoned that

---

[6]NRS 17.115(4)(a) provides, in pertinent part, that "if a party who rejects an offer of judgment fails to obtain a more favorable judgment, the court . . . [m]ay not award to the party any costs or attorney's fees." Because NRS 17.115(4)(a) states the court may award attorney fees, while NRCP 68(f)(2) states the court shall award attorney fees, we need only examine the district court's obligations under NRCP 68(f)(2), since under the statute, the award of attorney fees would be discretionary, and we see no clear abuse of discretion.

> [Advanced Power Coating's] decision to reject the offer of judgment was not . . . in bad faith in light of the status quo then existing: [Masi] was prohibited by court order from presenting any evidence from his treating physicians. It would be patently unjust to temporarily sanction [Masi] by disallowing his treating physicians' trial participation, thereby inducing [Advanced Power Coating's] erroneous trial valuation, only to lift the sanction and punish [Advanced Power Coating] for doing nothing wrong.

Although, the district court primarily focused on the third factor articulated in Wynn, it later expressed that the factor was "so compelling this [c]ourt declined to visit the reasonableness of the amount of fees requested."

Upon review of the record, we conclude that the district court properly determined that Advanced Power Coating rejected Masi's offer of judgment in good faith based on the district court order in effect at the time it rejected the offer.

NRS 18.010(2)(b)

Masi asserts that the district court erred in refusing to award fees pursuant to NRS 18.010(2)(b). He argues that such fees were appropriate because Advanced Power Coating frivolously claimed that Masi was fully liable for the accident because he failed to engage his emergency flashers.

NRS 18.010(2)(b) states that "the [district] court may make an allowance of attorney[ ]' fees to a prevailing party . . . [w]ithout regard to the recovery sought, when [it] finds that the . . . defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party."

Here, the record indicates that Advanced Power Coating never proffered the allegedly frivolous legal defense Masi now relies upon to support his claim. During his trial testimony, Jessop merely commented that it may have been prudent for Masi to engage his emergency flashers if he had been stopped on the road due to traffic; he never denied responsibility for the accident. As such, Masi's argument is without merit.

Accordingly, we conclude that the district court did not abuse its discretion in denying Masi's motion for attorney fees.

The district court's failure to properly amend the trial record was harmless error

Relying on Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001), Masi asserts that the district court erred by sua sponte amending the trial record because it failed to provide the parties notice and the opportunity to respond to the amendment.

A district court has authority to amend the trial record only for the purpose of accurately reflecting the proceedings. "Generally every court of record has an inherent authority to amend its records to make them speak the truth. The true state of the record is to be determined by the [c]ourt. . . . Judges have control of the record so far as is essential to the proper administration of justice." Iveson v. District Court, 66 Nev. 145, 152, 206 P.2d 755, 759 (1949) (citations omitted); see, e.g., Evans v. Secretary Penn. Dept. of Corrections, 645 F.3d 650, 664 n.22 (3d Cir. 2011) ("[T]he court retains the inherent powers to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record . . . ." (citation omitted) (internal quotation marks omitted)).

However, this authority is subject to certain procedural protections to the parties. Herbst, 260 F.3d at 1043.

In <u>Herbst</u>, a lower court dismissed a defendant's habeas corpus petition sua sponte based on noncompliance with the applicable statute of limitations. 260 F.3d at 1041. On appeal, the court held that "'a person is entitled to notice [and an opportunity to be heard] <u>before adverse judicial action is taken against him</u>." <u>Id.</u> at 1043 (alteration in original) (citation omitted).

Here, the district court initially stated on the record that "snotty objections" were disallowed. After trial, the court sua sponte amended the record to reflect that it said "speaking objections" were disallowed. While the court did fail to notify the parties of its intent to amend the record, such that the parties were denied the procedural protections afforded to them, the amendment was limited to one word that had no adverse impact on Masi's case. Thus, we conclude that the error was harmless. <u>Wyeth</u>, 126 Nev. at ___, 244 P.3d at 769.

Accordingly, for the reasons set forth above we ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Pickering

_____, J.
Hardesty

_____, J.
Saitta

cc:    Hon. David A. Hardy, District Judge
Paul F. Hamilton, Settlement Judge
Law Offices of Curtis B. Coulter
Demetras & O'Neill
Watson Rounds
Washoe District Court Clerk